IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS IDELSO ROJAS-ROMERO,

Petitioner,

v.                                                              No. 2:26-cv-00589-KG-LF

PAMELA BONDI, et al.,

Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Carlos Idelso Rojas-Romero's Petition for a Writ of

Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8.  For the reasons below,

petitioner's habeas petition is granted.

### I.      *Background*

Mr. Rojas-Romero, a citizen of Cuba, entered the United States in 2024 and was paroled

under § 212(d)(5)(A) of the Immigration and Nationality Act ("INA") "for humanitarian reasons."

Doc. 1 at 4.  He resides and works in Midland, Texas, and is legally married.  *Id.* at 5.

On July 8, 2025, an immigration judge ("IJ") dismissed his pending removal proceedings.

Doc. 8 at 1.  Mr. Rojas-Romero filed an appeal of that decision which remains pending before the

Board of Immigration Appeals ("BIA").  *Id.*

The same day, Immigration and Customs Enforcement ("ICE") "took custody of Mr. Rojas-

Romero at the Immigration Court."  Doc. 1 at 5.  He had not broken the law or "otherwise violated

the terms of his parole."  Doc. 8 at 1.  He remains detained at the Otero County Processing Center in

Chaparral, New Mexico.  Doc. 1 at 3.

Mr. Rojas-Romero argues that his detention is governed by 8 U.S.C. § 1226, and that his prolonged detention without an opportunity for release violates the INA and his Fifth Amendment right to procedural due process.  Doc. 1 at 9–10, 13.

The Government contends that Mr. Rojas-Romero's detention is governed by 8 U.S.C. § 1225, "which...require[s] mandatory detention" while "his applications are considered."  Doc. 8 at 6.  It asserts that "if the BIA sustains [Mr. Rojas Romero's] appeal, [his] proceedings in immigration court will resume."  *Id.* at 1–2.  "If the BIA dismisses the appeal, DHS will process the Petitioner for expedited removal, including a credible fear interview."  *Id.*

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

For the reasons below, the Court concludes that (A) 8 U.S.C. § 1226(a) governs Mr. Rojas-Romero's detention, and (B) the proper remedy is a bond hearing where the Government must justify his detention by clear and convincing evidence.

### A.    *Section 1226(a) governs Mr. Rojas-Romero's detention.*

The INA establishes two distinct detention regimes.  Section 1225 applies to noncitizens "who are applicants for admission," including those "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. §§ 1225(a)(1), (b)(2)(A).  The provision "mandates detention" and affords no bond hearing.  *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).  Noncitizens "seeking admission" are those who have not "effected an entry" into the United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).

2

Section 1225(b) establishes two pathways.  First, § 1225(b)(1) governs noncitizens in expedited removal proceedings, who are typically ordered removed "without further hearing or review," subject to limited screening procedures.  *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (citing § 1225(b)(1)(A)(i)).  Second, § 1225(b)(2) applies to other applicants for admission who are not placed in expedited removal but are instead processed through full removal proceedings. § 1225(b)(2)(A).

By contrast, § 1226(a) governs noncitizens already present in the United States "pending a decision on whether [they are] to be removed."  8 U.S.C. § 1226(a).  Detention under this provision is discretionary, and the noncitizen may seek release on bond or conditional parole.  *Id.*  "Under federal regulations, noncitizens detained under" this second detention regime "are entitled to individualized bond hearings at the outset of detention."  *Salazar*, 806 F. Supp. 3d at 1239 (citing *Jennings*, 583 U.S. at 297).

Under these principles, § 1226(a) governs Mr. Rojas-Romero's detention because neither provision of § 1225(b) applies.  Section 1225(b)(1) does not apply because Mr. Rojas-Romero is not in expedited removal proceedings.  *See Rodriguez v. Ortiz*, 2026 WL 412466, at *2 (D.N.M.) (concluding that § 1225(b)(1) is inapplicable absent evidence of expedited removal proceedings). The Government concedes as much, stating that "*[i]f the BIA dismisses the appeal,* DHS will process the Petitioner for expedited removal."  Doc. 8 at 2 (emphasis added).  Because Mr. Rojas-Romero's appeal remains pending, there is no expedited removal proceeding and no final determination of removability.  Accordingly, § 1225(b)(1) does not apply.

Next, § 1225(b)(2) does not apply because Mr. Rojas-Romero is not "seeking admission." He has lived and worked in the United States since 2024 and was arrested by ICE at immigration court—not at the border or while attempting entry.  Doc. 1 at 4–5.  Nothing in the record suggests he was seeking "lawful physical entry into the country" at the time of his arrest.  *Rodriguez*, 2026

3

WL 412466, at *7.  Accordingly, because neither provision of § 1225 applies, Mr. Rojas-Romero's detention is governed by § 1226(a).

**B.      *The remedy is a bond hearing where the Government has the burden of proof.***

Because Mr. Rojas-Romero is detained under § 1226(a) and has not been afforded a bond hearing, the Court must determine what process is constitutionally required.  In making that determination, the Court applies the framework set forth in *Mathews v. Eldridge*, which considers: (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens that additional procedures would entail. 424 U.S. 319, 335 (1976).

Each *Mathews* factor supports a bond hearing at which the Government bears the burden of justifying continued detention.  First, Mr. Rojas-Romero's liberty interest is substantial.  A noncitizen's "interest in liberty...is particularly strong" after months of detention without a meaningful bond hearing.  *Salazar*, 806 F. Supp. 3d at 1243.  Here, Mr. Rojas-Romero has been detained for approximately eight months and remains separated from his family.  Doc. 1 at 5.  This prolonged detention, absent a determination of flight risk or dangerousness, weighs heavily in favor of additional procedural protections.  *Salazar*, 806 F. Supp. 3d at 1243.

Second, shifting the burden "likely will reduce the risk of the continuing erroneous deprivation of Petitioner's liberty interest." *Id.*  Requiring the Government to prove "by clear and convincing evidence that Petitioner is a flight risk and/or a danger to the community ameliorates" the risk that Mr. Rojas-Romero will remain detained "without meaningful consideration" of relevant evidence. *Id.*

Third, the Government's interest does not outweigh these concerns.  Although the Government has a legitimate interest in securing Mr. Rojas-Romero's appearance at immigration

proceedings, detention has not been necessary to serve that interest.  He has consistently complied with the conditions of his release and was arrested after appearing at an immigration proceeding. Doc. 1 at 4–6.  Moreover, the administrative burden of shifting the burden of proof is minimal, particularly given that "[t]he Government has vast resources at its disposal to gather information about Petitioner's eligibility for bond."  *Id.*  Accordingly, the Government's interest does not justify continued detention without adequate procedural protection.

## IV.    Conclusion

The Court grants Mr. Rojas-Romero's petition, Doc. 1.  Because relief is warranted under the INA and Due Process Clause, the Court declines to address his other claims. The Government must provide Mr. Rojas-Romero with a bond hearing under § 1226(a) before an IJ within seven (7) days of this Order.  At that hearing, the Government must justify Mr. Mr. Rojas-Romero's detention by clear and convincing evidence.  If the Government fails to do so, it must release him.  The Court also orders the Government to file a status report within ten (10) business days of this Order confirming that it has complied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

5